```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
GMG TRANSWEST CORP.,

                              Plaintiff,                        **ORDER**
                                                                              CV 07-2548 (ADS)(ARL)

        -against-

PDK LABS, INC., et al.,

                              Defendants.
```
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      By order dated April 28, 2010, the court sanctioned Ronald Horowitz for his non-compliance with the court's orders. The court indicated that Mr. Horowitz would be required to reimburse the defendants for the reasonable costs they incurred in submitting their letter of April 19, 2010, and responding to GMG's April 27, 2010 letter motion. The court has reviewed the application of fees submitted by counsel for the defendants and finds $2,940 to be a reasonable amount for the sanction.

      The defendants were represented by two law firm's, the Law Offices of Bradley Stewart Gross and Brown, Rudnick, Berlack, Israels, LLP ("Brown Rudnick"). Mr. Gross has waived any claim for reimbursement in connection with the services he rendered. Brown Rudnick has submitted an affidavit of fees. Two attorneys from Brown Rudnick worked on the matter. Martin Siegel, who has been practicing for forty years, seeks to be reimbursed at a discounted rate of $787.50 per hour. Mason Simpson, who has been practicing since 2003, seeks to be reimbursed at a discounted rate of $ 558.00 per hour. In addition, two paraprofessionals billed time on the matter and seek to be reimbursed at a discounted rate of $243 per hour.

      A "presumptively reasonable fee" standard is employed in this Circuit to determine the amount to award as attorneys' fees. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). The "presumptively reasonable fee" standard uses the hourly rates employed in the district in which the reviewing court sits, unless the party seeking fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009) (internal quotation omitted). Although the defendants are represented by Manhattan-based firms, the defendants have failed to show why out-of-district counsel would have produced a substantially better result. Accordingly, counsel's hourly rates must be reduced to current prevailing rates for legal services in the Eastern District. Current prevailing rates for partners in the Eastern District range from $350 to $450. *Lochren v. County of Suffolk,* 2010 U.S. Dist. LEXIS 28288 (E.D.N.Y. Mar. 23, 2010)(awarding partner with 40 years of experience $450);

*Luca v. County of Nassau*, No. 04-CV-4898, 2010 U.S. Dist. LEXIS 5867 (E.D.N.Y. Jan. 25, 2010) (awarding partner with 25 years experience $400, and partner with 14 years $375); *Morgenstern v. County of Nassau*, 2009 U.S. Dist. LEXIS 116602(E.D.N.Y. Dec. 15, 2009) (awarding $ 400 per hour in a § 1983 case). Therefore, the court will reduce Mr. Siegel's rate to $450 per hour and Mr. Simpson's rate to $400 per hour. The rate for the paraprofessionals will be reduced to $100 per hour.

The defendants have submitted contemporaneous time records, detailing for each attorney, the date, the hours expended, and the nature of the work done. A review of the time records indicates that both of the attorneys and both paraprofessionals participated in the preparation of the letters and thus efforts were duplicated. Accordingly, the entries reflect excessive time spent due to the use of multiple attorneys and paraprofessionals. To reflect this, the court will exercise its discretion and reduce the number of overall hours by 25%. *See Lochren v. County of Suffolk,* 2009 WL 2778431 (2d Cir. Sept. 3, 2009)(district court in best position to weigh need for multiple attorneys). As such, the defendants will be reimbursed for the services rendered by their attorneys and paraprofessional as follows:

| **Attorneys** | **Rates** | **Hours** | *Sub-Total* |
|---|---|---|---|
| Martin Siegel | $ 450 | 1.6 | $   720 |
| Mason Simpson | $ 400 | 7.5 | $ 3,000 |
| Paraprofessional | $ 100 | 2.0 | $   200 |

|  |  |
|---|---|
| Sub-Total: | $ 3,920 |
| Less 25% | -980 |
| Total: | $ 2,940 |

Mr. Horowitz is to forward a check for the sanction to counsel for the defendants no later than November 12, 2010.

Dated:  Central Islip, New York          **SO ORDERED:**
        October 12, 2010

                                          _____/s/_____
                                          ARLENE ROSARIO LINDSAY
                                          United States Magistrate Judge

2