

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GMG TRANSWEST CORP.,

                        Plaintiff,

-against-

PDK LABS, INC., MICHAEL B. KRASNOFF,        MEMORANDUM & ORDER
individually and as an agent of PDK LABS, INC.,     07-CV-2548 (TCP) (ARL)
DONNA N. FIELD, individually and as a member
of RICEFIELD, LLC, REGINALD A. SPINELLO,
individually and as an agent of PDK LABS, INC.,
OTC ASSOCIATES, INC, and BRADLEY S.
GROSS, individually and as an agent of PDK LABS
INC. and OTC ASSOCIATES, INC.,

                        Defendants.
-----------------------------------------------------------------X

PLATT, District Judge.

Before the Court is a memorandum, filed by Plaintiff's attorney, Ronald Horowitz ("Counsel"), objecting to an Order by Magistrate Judge Lindsay, which sanctioned Counsel in the amount of $2,940.00. Counsel's objection is **OVERRULED**. Sanctions imposed by Magistrate Judge Lindsay in the amount of $2,940.00 are due and payable to Brown Rudnick LLP by March 21, 2011. Additionally, Plaintiff's request for attorneys' fees and costs, relating to Plaintiff's obtaining default and default judgment, is **GRANTED**.

## BACKGROUND

**A.**    **Facts**

On January 15, 2010, Magistrate Judge Lindsay "held a conference addressing the defendants' recently filed motion to dismiss [Plaintiff's] third-party complaint [at which time] the defendants agreed to withdraw their motion, and a deadline was set for [Plaintiff] to file a

1

proposed amended pleading." Order at 1, ECF No. 76 [hereinafter *Order I*]. Defendants were supposed to re-file their motion to dismiss by March 15, 2010; the Plaintiff was to file any opposition by April 9, 2010. *Id.* On April 9, 2010, Counsel contacted Defendants to request a one-week extension to serve the opposition. *Id.* Defendants "consented to the extension but reminded [Counsel] that leave from the court would be required to amend the briefing schedule." *Id.* Counsel did not seek leave from Judge Lindsay. *Id.* On April 16, 2010, Counsel contacted Defendants "and sought another one-week extension. [Defendants] consented, but once again no leave to amend the briefing schedule was sought." *Id.* On April 19, 2010, Defendants informed Judge Lindsay, via ECF filing, about their communication with Counsel. *Id.* Counsel did not respond to this filing. *Id.* On April 26, 2010, Judge Lindsay ordered Defendants' to "adhere to the briefing schedule and file the motion to dismiss as it [stood]." *Id.* When Defendants filed their motion, Counsel, finally, contacted Judge Lindsay. *Id.*

On April 28, 2010, Magistrate Judge Lindsay sanctioned Counsel "for his non-compliance with the court's orders." *Id.* Counsel stated that he thought the parties would file a joint letter seeking a modification of the briefing schedule. *Order I* at 2. Judge Lindsay did not conclude that this was a satisfactory reason for Counsel to not comply with the court order or, alternatively, request an extension from the court. *Id.* Counsel also reasoned that his "multiple professional and personal commitments" justified his non-compliance. *Id.* Judge Lindsay held that this was not a sufficient excuse "for his total disregard for the court's briefing schedule." *Id.* Judge Lindsay cited Counsel's non-response to Defendants' April 19, 2010 letter as further evidence of Counsel's "lack of diligence." *Id.* Judge Lindsay concluded by noting that Counsel had wasted the court's time and Defendants' time by "requiring the court to render a decision based on the limited facts before it and then expecting the court to reexamine these issues once

[Counsel] was good and ready to file his opposition." *Id.* Judge Lindsay, therefore, ordered sanctions against Counsel and permitted Defendants' attorneys to submit an affidavit of fees. *Id.*

On May 7, 2010, Defendants' attorneys submitted said affidavit, which listed the fees directly attributable to Counsel's sanctioned non-compliance. Defs.' Aff., ECF No. 78.[1] On May 11, 2010, Counsel submitted an objection to Judge Lindsay's Order. Mem. as Objection to Order, ECF No. 81 [hereinafter *Objection I*]. *Objection I* argued that sanctions should not be imposed because, as Counsel argued previously, Defendants told Counsel the requests-for-extensions should be send as joint letters. *Id.* at 2. Counsel understood this "to mean that either or both of us would prepare and sign a letter to the Court." *Id.* Counsel argued, further, that the amount of billed time to be included in the fee, based upon the fee affidavit, was "abhorrent" considering the need to prepare only three letters which directly addressed the briefing schedule. *Id.* Further, Counsel argued that, based on precedent, Defendants' should not receive full compensation because his conduct was not an "especially egregious violation." *Id.*

In an Order dated October 12, 2010, Judge Lindsay decided, based upon Defendants' affidavits and applicable case law, to sanction Counsel in the amount of $2,940.00. Order, ECF No. 94 [hereinafter *Order II*].

**B.    The Objection**

On October 26, 2010, Counsel submitted to this Court an objection to Judge Lindsay's Orders. Mem. as Objection to Order, ECF No. 94 [hereinafter *Objection II*]. Counsel argues that *Order II* did not "expressly reflect" Counsel's argument in *Objection I*. *Id.* at 3. Counsel argues that a recent ruling in the United States District Court for the District of New Jersey illustrates that Judge Lindsay's sanctions are unreasonable. *Id.* at 3-4. Alternatively, if the Court holds that

---

[1] Only the law firm of Brown Rudnick LLP submitted an affidavit of costs related to work of their attorneys and paraprofessionals. Bradley Gross, as attorney for PDK Labs, Inc. and *pro se*, submitted a declaration waiving his right to recover. Defs.' Decl., ECF No. 79

3

sanctions are reasonable, Counsel argues that the Court should reduce the fee "as it is still an unreasonable amount." *Id.* at 4. Finally, Counsel argues that the Court should grant leave to file an affidavit of fees and costs relating to "the entry of the default, the entry of default judgment and the opposition to the motion to restrain and to vacate judgment." *Id.* at 5.

Defendants' object to Counsel's Objections. Defendants' argue that "there is simply no basis for [Counsel] to argue that Judge Lindsay did not properly consider [*Objection I*] just because [*Order II*] did not expressly say so. Defs.' Resp. to Counsel's Objections to Order 3, ECF No. 95. "The detailed and thorough Order clearly considered all the relevant factors." *Id.* Defendants' argue that sanctions are imposed not only in the most egregious case, but, according to 28 U.S.C. § 1927, are appropriate when attorneys unreasonably and vexatiously multiply proceedings. *Id.* They argue that the decision of the federal court in the District of New Jersey does not prevent Judge Lindsay from reasonably ruling in favor of sanctions. *Id.* Defendants' argue that the award is reasonable. *Id.* at 4. They state that Counsel's request for attorneys' fees and costs is inapplicable. *Id.*

### C.  Standard

This Court reviews a magistrate judge's non-dispositive rulings pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which states that the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. Rule 72(a). Such a ruling is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. DeSilva,* 613 F.3d 352, 356 (2d Cir. 2010). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Rathgaber v. Town of Oyster Bay,* 492 F. Supp. 2d 130, 137

(E.D.N.Y. 2007) (*quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

A magistrate judge's decision is "afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d. 672, 678 (S.D.N.Y. 2007) (*quoting RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.,* No. 94 Civ. 5587, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.,* No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (*citing Catskill Dev., LLC,* 206 F.R.D. at 86).

## ANALYSIS

### A.  Sanctions

Judge Lindsay's Order requiring sanctions was reasonable. It was Counsel's duty, solely, to either oppose Defendants' filing or seek a time extension from the court. Even assuming, *arguendo*, Counsel and Defendants' agreed to file a joint letter for an extension, Counsel remained solely responsible to ensure it was filed. Even assuming, *arguendo*, that Defendant was supposed to draft and file the letter, Counsel remained solely responsible to ensure it was, indeed, filed. Defendants' filed a letter with the court on April 19, 2010, which informed the court that the parties had discussed Counsel's two requests for extensions. Counsel still did not contact Judge Lindsay or seek an extension with the court. As noted in *Order I*, Counsel did not contact the court until Defendants had filed a timely motion to dismiss Plaintiff's Amended Complaint.

Although *Order II* does not explicitly address Counsel's arguments, *Order I* had already dealt with, and disaffirmed, those arguments. *Order I* notes Counsel's argument that

5

Defendants' allegedly wanted to submit a joint letter. Judge Lindsay reasonably rejected that as an excuse. Further, a single precedent, wherein that court ordered sanctions for egregious behavior, does not somehow prove that Judge Lindsay's Order was unreasonable by ordering them for other reasons. Defendants are correct to note that sanctions are permitted when attorneys unreasonably and vexatiously multiply proceedings. 28 U.S.C. § 1927.

The circumstances clearly support Judge Lindsay's Order for sanctions.[2] Judge Lindsay's Order was reasonable in light of the time wasted by both the court and the Defendants due to Counsel's gross untimeliness. The Court does not find Judge Lindsay abused the discretion of the court in ordering sanctions.

**B.   The Award**

There can be no doubt that Judge Lindsay carefully reviewed Defendants' fee affidavits. Judge Lindsay clearly presented the standard by which the court should determine the award. Judge Lindsay correctly utilized the "presumptively reasonable fee" standard. Reasonably following case law, Judge Lindsay reduced counsels' hourly rates to reflect the local prevailing rate. Finally, Judge Lindsay reduced, reasonably, the overall hours by 25% to reflect duplicative work-product. As such, Counsel's objections as to the amount of the sanctions were also dealt with in *Order II*. Moreover, the inclusion of time spent preparing Defendants' motion to dismiss was reasonably included in the amount. Plaintiff had not submitted objections to the motion; Defendants had no alternative but to submit their motion and prepare as if Plaintiff was not going to file an objection. When Judge Lindsay permitted, properly, a filing extension for the Plaintiff, Defendants had to redo their motion to reflect the opposition.

---

[2] In addition to sanctions, Judge Lindsay approved an extension of time for Plaintiff to file an objection to Defendants' motion to dismiss.

Judge Lindsay carefully and precisely laid-out her rationale for these decisions. The award was, clearly, reasonable. The Court does not find Judge Lindsay abused the discretion of the court, nor that Judge Lindsay misapplied case law.

## C.  Attorney's Fees and Costs in favor of Counsel

On March 5, 2009, Magistrate Judge Lindsay filed a Report and Recommendation regarding Defendants' motion to vacate default judgment. Report and Recommendation, ECF No. 35. On June 29, 2009, this Court adopted the Report and Recommendation, but reserved judgment on the issue of attorneys' fees and costs. Order, No. ECF 39. Presently, the Court adopts Magistrate Judge Lindsay's recommendation to award to Plaintiff attorneys' fees and costs, based upon the submission of an affidavit of fees, associated with Plaintiff's motion for a default judgment. The Court also awards to Plaintiff attorneys' fees and costs incurred in obtaining the default.[3] Counsel may submit an affidavit of fees to the Court by March 21, 2011.

As noted in Defendants' objection, this award may not offset the sanctions awarded by Judge Lindsay. The motions relating to the default judgment were against PDK Labs, Inc. and Leiner Health Products, Inc.; Judge Lindsay's sanctions were awarded to the firm of Brown Rudnick LLP for the work provided by Martin Seigel, Mason Simpson, and a paraprofessional. *Order II* at 2. Their clients were not party to the default or default judgment. Any attorneys' fees and costs that may be recovered shall be recovered from PDK Labs, Inc. and Leiner Health Products, Inc. Offset of the sanctions, therefore, is inapplicable.

---

[3] The Court overrules Plaintiff's objection that the award should also include all fees and costs GMG incurred to oppose the motion to vacate the default judgment and object to the Report and Recommendation. *See* Mem. as Objections to Report and Recommendation 1, ECF No. 37; *see also*, Objection *II* at 5.

## CONCLUSION

For the foregoing reasons, Counsel's objection to Magistrate Judge Lindsay's sanctions is **OVERRULED**. Sanctions in the amount of $2,940.00 are due and payable to Brown Rudnick LLP by March 21, 2011. Additionally, Plaintiff's request for attorneys' fees and costs, relating to Plaintiff's obtaining default and default judgment, is **GRANTED**.

**SO ORDERED.**

Dated: February 2, 2011
       Central Islip, New York

Thomas C. Platt, U.S.D.J.